## Nichols v. Nichols, Appellant.

Submitted December 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Joseph Nissley,* for appellant.

*David S. Kohn* and *R. Dixon Herman,* for appellee.

OPINION BY ARNOLD, J., March 5, 1946:

In this divorce case the libellant charged his wife with desertion. The master found the facts and recommended a decree which the court below, in a careful opinion, granted. ' Respondent appealed. The respondent admitted that, after consultation with her attorney, she surreptitiously had the furniture moved from the common domicile in Camp Hill, Pa., and with her two children went to her parents' home near Baltimore. This occurred about February 9, 1939, when her husband was employed at a furniture store some fifteen miles away at Carlisle, Pa. He was home every day after work but she did not disclose her intention to leave. She neither telephoned him at the store nor wrote him until February 20. That letter has every appearance of being composed

by her attorney for the occasion. It contained no expression of affection or regret, nor any suggestion of reconciliation or return. It did demand support and requested the husband to consult her attorney. The letter was not addressed to her husband at the home which she left, nor at the place of his employment in Carlisle. She addressed it to a street number in Harrisburg where family friends of the husband lived, among them a woman whom she blamed with improper intimacy with her husband. However, her testimony falls far short of establishing such a charge. The contents of the letter negative any idea that she left with his consent. The manner of addressing it is persuasive evidence of malice. The libellant frequently requested his wife to return to him.

She also presented the defense that her "absence from the habitation of her husband", and its continuance, was compelled because the house had been sold by the sheriff, with a notice to vacate in two weeks. Such a defense is negatived by the fact that she accelerated the time when she had to leave, and also because the departure was clandestine. In addition, she claimed that the husband failed to support the family. There was ample evidence that he fairly shared his earnings with her, using his share to pay interest on the mortgage, light, heat, insurance, taxes and similar matters. Her share was to be used for food and clothing. There was abundant evidence that she extravagantly spent this money. She sent the daughter, aged seventeen, to dancing school; she kept a maid at $10.00 a week until a short time before the desertion; when she left home she purchased clothing to the amount of $77.00 at one of the most expensive stores in Harrisburg. All this was done when they were getting deeper and deeper into debt, and when there was an $11,000 mortgage on their house and instalment payments to be made for furniture. In the well-chosen words of Judge RUPP for the court below: ". . . there is ample evidence that the respondent

had extravagant tastes which the libellant did his best to satisfy, and that she at no time made any effort to adjust their manner of living to their station in life or to coöperate with the libellant in his attempts to do so." The burden was on her to prove consent or reasonable cause for leaving: *Donnelly v. Donnelly*, 153 Pa. Superior Ct. 578, 34 A. 2d 831; *LaPietra v. LaPietra*, 153 Pa. Superior Ct. 131, 33 A. 2d 63.

Having made our own independent examination of the evidence, we are convinced that the libellant made out his case by clear and convincing evidence.

Judgment affirmed.